IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LARRY-JUSTIN TOWNER                                      PLAINTIFF

v.                          No. 3:24-cv-128-DPM

BOLD TEAM, LLC and Trustees,
DANNY BROWN;
TAMMIE HUTCHINSON; and
ANNIE ISELIN, Each in Their Official
and Individual Capacities                               DEFENDANTS

## ORDER

Bold Team fired Larry-Justin Towner after he got in fight with a coworker.  He says that his former employer ignored evidence that Towner wasn't the initial aggressor and wrongly fired him rather than his assailant.  Towner believes the fight was used as pretext to fire him in retaliation for having complained to management about unfair and excessive work.

Towner filed a charge with the Equal Employment Opportunity Commission alleging discrimination and retaliation.  The EEOC dismissed his charge in August 2023.  *Doc. 1 at 91*.  Seven months later, according to public records, he filed a lawsuit about these events.  The Pulaski County Circuit Court screened Towner's complaint and dismissed it without prejudice.  *Towner v. Bold Team, LLC*, Case No. 60CV-24-1196 (26 February 2024).  He then filed this lawsuit two

months later in April 2024, making substantially similar claims, in Woodruff County Circuit Court. Towner attached more than a hundred pages of materials to his complaint, including the EEOC documents. The Bold Team defendants removed the case here. And they have moved to dismiss.

*

Towner's claims of wrongful termination, disparate treatment, and retaliation are the core of his case. To the extent he's asserting federal discrimination claims under Title VII, they are untimely. Towner didn't file this lawsuit within ninety days after the EEOC dismissed his charge of discrimination. 42 U.S.C. § 2000e-5(f)(1); *Doc. 1 at 91.* His first lawsuit was untimely, too. And even if his first lawsuit had been filed within the ninety-day period, it would not save his second lawsuit by tolling the statute of limitations. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995). His federal wrongful termination, disparate treatment, and retaliation claims fail.

As a matter of state law, Towner's claims here come under the public policy exception to Arkansas's at-will employment doctrine. *Lucas v. Brown & Root, Inc.*, 736 F.2d 1202, 1204-05 (8th Cir. 1984); Ark. Code Ann. §§ 16-123-107(a)(1) & 108. This exception is narrow, but Towner may have said enough to state claims. As explained below, however, he will need to press those claims in state court.

Towner brings various other federal claims.

- He says that his constitutional rights were violated.  But the Bold Team defendants are private actors.  In general, they can't be sued under 42 U.S.C. § 1983.  And Towner hasn't alleged any facts to suggest that their actions were "fairly attributable to the state." *Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1010 (8th Cir. 1993).

- He makes vague and conclusory allegations of fraud and conspiracy, citing federal statutes.  But those claims must be pleaded with factual particularity.  Fed. R. Civ. P. 9(b) (fraud); *Johnson v. Perdue*, 862 F.3d 712, 717 (8th Cir. 2017) (conspiracy).  Towner has failed to state either a fraud or conspiracy claim.

- He cites some federal criminal statutes.    18 U.S.C. § 241;  18 U.S.C. § 242;  18 U.S.C. § 1027.  In general, though, a private citizen such as Towner "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973);  *see also United States v. Texas*, 599 U.S. 670, 686 (2023).  And Towner has pointed to nothing in these statutes that creates or implies a private right of action.

- He also cites 29 U.S.C. §§ 1109 & 1111, parts of the Employee Retirement Income Security Act.  In his complaint, Towner didn't state any facts supporting these ERISA claims.  He alleged some facts about them in his response to Bold Team's motion to dismiss.  *Doc. 12 at 7-8*.  But a party can't amend his complaint in a brief.  *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1140 (8th Cir. 2014).    Should the Court allow a curative amended complaint? No.  Leave to amend should be freely granted, but not when the amendment would be futile.  *Zutz v. Nelson*, 601 F.3d 842, 850-51 (8th Cir. 2010).  Towner's participation in an ERISA-governed benefits plan through his lost job isn't enough to state a claim under § 1109 or § 1111.

-3-

Towner brings various claims under state law, too. He makes the echoing wrongful termination, disparate treatment, and retaliation claims mentioned earlier. He also claims malfeasance, negligence, breach of contract, and fraudulent inducement. Having addressed all of Towner's claims under federal law, this Court declines to exercise supplemental jurisdiction over all these state claims. 28 U.S.C. § 1367(c)(3); *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 819 (8th Cir. 2004). The better course is a remand. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172-73 (1997). The parties' work to date will not be wasted; the Circuit Court can make good use of it in deciding what Arkansas law requires in this case. Remand gives the proper deference to state courts in matters of state law.

*

The motion to dismiss, *Doc. 8*, is granted. Towner's federal wrongful termination, disparate treatment, and retaliation claims are dismissed with prejudice because they're untimely. All his other federal claims are dismissed without prejudice. All his state claims are remanded to the Circuit Court of Woodruff County.

So Ordered.

_____

D.P. Marshall Jr.
United States District Judge

27 September 2024