# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LARRY-JUSTIN TOWNER**                                                   PLAINTIFF

v.                       No. 3:24-cv-128-DPM

**BOLD TEAM, LLC and Trustees,
DANNY BROWN; TAMMIE
HUTCHINSON; and ANNIE
ISELIN, Each in Their Official
and Individual Capacities**                                              DEFENDANTS

## ORDER

Towner moves for reconsideration of this Court's decision dismissing his federal employment-related claims as untimely, declining to exercise supplemental jurisdiction over his state law claims, and remanding his case to the circuit court of Woodruff County. He argues that he tried to file his case in that court within ninety days after the EEOC issued his right to sue letter, but the circuit clerk refused to docket his case. He offers exhibits: his EEOC right to sue letter; a 3 November 2023 email to the circuit clerk; a green card for mail addressed to the clerk with a 6 November 2023 delivery date; and two affidavits attesting that he tried to file his case within the ninety-day period but the clerk wrongfully denied the filing. Except for the right to sue letter and the green card, all this is new material. Bold Team objects to reconsideration.

*First,* jurisdiction. This Court has subject matter jurisdiction to rule on Towner's motion to reconsider. This Court did not remand based on lack of subject matter jurisdiction or any other ground specified in 28 U.S.C. § 1447(c). The general bar against revisiting such an order, 28 U.S.C. § 1447(d), does not apply. *Stone v. J & M Securities, LLC,* 55 F.4th 1150, 1152-53 (8th Cir. 2022). This Court had subject matter jurisdiction over Towner's case because of his federal claims. Having resolved these claims, though, it declined to continue exercising supplemental jurisdiction over his state claims under 28 U.S.C. § 1367. That decision can be revisited or reviewed on appeal. *Carlsbad Technology, Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 641 (2009). That decision's premise—that the federal claims failed for various reasons—can be reconsidered by this Court, too.

*Second,* as Bold Team presses, motions to reconsider are disfavored. *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* 496 F.3d 863, 866 (8th Cir. 2007). This rule of law is based on good reasons. To do its job, the Court needs all the essential materials at one time—the applicable law, the relevant facts, and the parties' arguments about how that law applies to those facts. Retracing steps creates extra burdens for the parties and the Court. It is therefore reserved for extraordinary situations.

Towner says he was surprised by the Court's decision about the timeliness of his suit making Title VII claims. Any surprise was not

reasonable in the circumstances. Bold Team argued untimeliness in its motion to dismiss these claims. *Doc. 9 at 15-16*. Towner responded in a sentence, saying he tried to file his case in time but the circuit clerk prevented it. *Doc. 12 at 14-15*. He did not elaborate. Except for the right to sue letter and the green card, he did not provide any of the new exhibits. And, perhaps most importantly, Towner did not explain before exactly what happened when he tried to file his case. Reconsideration is not justified when facts or arguments are available, but not offered, before the Court rules the first time. *SPV-LS, LLC v. Transamerica Life Insurance Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019).

*Third*, Towner has still not provided enough for the Court to conclude that his Title VII claims were timely. Accept as true that the circuit clerk refused to file his case for some reason in early November 2023. That development would have been plain and clear to Towner within a few days or weeks. He had until 27 November 2023 to file his case within the ninety days after the EEOC's letter informing him of the right to sue. As is true for every litigant, it was Towner's obligation to get his lawsuit officially started, with follow-up as necessary. The law might well, for equitable reasons in the circumstances, toll Towner's deadline for a reasonable time to allow him to fix whatever problem existed and commence his lawsuit. Towner, though, did not file his first case a week or two late. He filed it in the Pulaski County Circuit Court approximately three months later, in February 2024. *Doc. 29 at 4*.

Absent some extraordinary circumstances, which Towner has neither shown nor hinted at, any equitable tolling would not go that far. Finally, even if Towner's first case somehow saved his Title VII claims, that case was dismissed without prejudice. These claims were gone at that point; they could not be revived when he filed this case in Woodruff County Circuit Court some months later. *Garfield v. J.C. Nichols Real Estate*, 57 F.3d 662, 666 (8th Cir. 1995).

\*

Towner's motion does not challenge this Court's dismissal of any of his federal claims except for his Title VII claims for wrongful termination, disparate treatment, and retaliation. The Court has reconsidered its ruling on the timeliness of those claims. And the Court stands by its original decision. Even with the benefit of Towner's belated additional materials and new arguments, his Title VII claims fail as a matter of law as untimely. Motion, *Doc. 27*, denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

7 November 2024